

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. _____

JUDGE: _____

**DAWN CRAWFORD**, in her
capacity as Administratrix of the
Estate of Marc Crawford;                                                                    **Plaintiff**;

vs.

**JOHN TILLEY**, individually and in his official capacity as                              **Defendants**.
Secretary of the Justice & Public Safety Cabinet;

    SERVE:  125 Holmes Street
                 Frankfort, Kentucky 40601

**JAMES ERWIN**, individually and in his official capacity
as Commissioner of the Kentucky Department of
Corrections;

    SERVE:  Department of Corrections
                 Health Services Building
                 275 East Main Street
                 Frankfort, Kentucky 40602

**MADISON COUNTY DETENTION CENTER**;

    SERVE:  Doug Thomas, Madison County Jailer
                 107 West Irvine Street
                 Richmond, Kentucky 40475

**DOUG THOMAS**, individually and in his official capacity
as Madison County Jailer;

    SERVE:  107 West Irvine Street
                 Richmond, Kentucky 40475

**SOUTHERN HEALTH PARTNERS, INC.**;

    SERVE:  C T Corporation System
                 306 West Main Street
                 Suite 512
                 Frankfort, Kentucky 40601

**NOLAN WINKLER**, individually and in his official capacity as Madison County Assistant Jailer;

    SERVE:  107 West Irvine Street
                 Richmond, Kentucky 40475

**SID FITCH**, individually and in his official capacity as Medical Director at the Madison County Detention Center;

    SERVE:  107 West Irvine Street
                 Richmond, Kentucky 40475

**ROY WASHINGTON**, individually and in his official capacity as an APRN at the Madison County Detention Center;

    SERVE:  107 West Irvine Street
                 Richmond, Kentucky 40475

**KAYLA FRYE**; individually and in her official capacity as a nurse at the Madison County Detention Center;

    SERVE:  107 West Irvine Street
                 Richmond, Kentucky 40475

**TOM JONES**; individually and in his official capacity as a correctional officer at the Madison County Detention Center;

    SERVE:  107 West Irvine Street
                 Richmond, Kentucky 40475

**KENTUCKY STATE REFORMATORY**;

    SERVE:  Anna Valentine, Warden
                 3001 West Highway 146
                 LaGrange, Kentucky 40032

**AARON SMITH**; individually and in his official capacity as former Warden of Kentucky State Reformatory;

> SERVE: 3001 West Highway 146
> LaGrange, Kentucky 40032

**CORRECT CARE SOLUTIONS, LLC**;

> SERVE: Corporate Creations Network Inc.
> 101 North Seventh Street
> Louisville, Kentucky 40202

**DR. ELTON AMOS, M.D.**, individually and in his official capacity as Northern Kentucky Region Medical Director for Correct Care Solutions;

> SERVE: Elton Amos
> Women's Prisons of North Carolina
> North Carolina Department of Public Safety
> 1034 Bragg Street
> Raleigh, North Carolina 27610

**KIRSTIE PROCTOR**, individually and in her official capacity as a nurse at Kentucky State Reformatory;

> SERVE: 3001 West Highway 146
> LaGrange, Kentucky 40032

**JAHRELL JOHNSON**, individually and in his official capacity as a correctional officer and the Nursing Care Facility Supervisor at Kentucky State Reformatory;

> SERVE: 3001 West Highway 146
> LaGrange, Kentucky 40032

**JANICE GARTH**, individually and in her official capacity as an APRN at Kentucky State Reformatory; and

> SERVE: 3001 West Highway 146
> LaGrange, Kentucky 40032

3

**SHERIDAN THOMAS**, individually and in his official capacity as a medical provider at Kentucky State Reformatory;

    SERVE:  3001 West Highway 146
                   LaGrange, Kentucky 40032

---

# COMPLAINT

---

Plaintiff Dawn Crawford, in her capacity as Administratrix of the Estate of Marc Crawford, through counsel, for her Complaint against the above-named Defendants states as follows:

## PARTIES

1. Plaintiff Dawn Crawford is a resident of Madison County, Kentucky with an address of 3278 Poosey Ridge Road, Richmond, Kentucky. Dawn Crawford brings this suit in her capacity as Administratrix of the Estate of Marc Crawford. Marc Crawford, a resident of Madison County, Kentucky with an address of 3278 Poosey Ridge Road, Richmond, Kentucky, died on June 24, 2017 in the custody of Defendant Kentucky State Reformatory. Dawn Crawford was appointed Administratrix of Marc Crawford's estate on November 22, 2017 by order of the Madison County District Court in the case of *In re Estate of Marc Crawford*, Madison County case no. 17-P-518.

2. At all times relevant to this Complaint, Defendant John Tilley was the Secretary of the Kentucky Justice & Public Safety Cabinet. He is responsible for providing a safe, secure, healthy, and humane environment for those housed in Kentucky correctional facilities. He is further responsible for staffing institutions within the Kentucky Department of Corrections and overseeing their operation. Upon information and belief, Tilley is a

4

resident of Franklin County, Kentucky. Tilley is sued in his official and individual capacities.

3. At all times relevant to this Complaint, Defendant James Erwin was the Acting Commissioner and/or the Commissioner of the Kentucky Department of Corrections. He is responsible for the safety and health of all inmates incarcerated in institutions within the Kentucky Department of Corrections. He is further responsible for staffing those institutions and overseeing their operation. Upon information and belief, Erwin is a resident of Franklin County, Kentucky. Erwin is sued in his official and individual capacities.

4. Defendant Madison County Detention Center is a county detention facility located in Madison County, Kentucky.

5. At all times relevant to this Complaint, Defendant Doug Thomas was the Madison County Jailer, acting under color of law and within the scope of his employment. He is responsible for the safety and health of all inmates incarcerated in the Madison County Detention Center. He is further responsible for staffing that institution and overseeing its operation. Thomas is a resident of Madison County, Kentucky. Thomas is sued in his official and individual capacities.

6. Defendant Southern Health Partners, Inc. is a for-profit Delaware corporation in good standing and registered to do business in Kentucky. Upon information and belief, it is a contracted healthcare provider for inmates at Madison County Detention Center and it or its employees, agents, contractors, members, managers, associates, or assigns provided healthcare services for Marc Crawford during his incarceration at the Madison County

5

Detention Center. Southern Health Partners, Inc.'s principal place of business is 2030 Hamilton Place Boulevard, Suite 140, Chattanooga, Tennessee 37421.

7. At all times relevant to this Complaint, Defendant Nolan Winkler was the Assistant Jailer for Madison County, acting under color of law and within the scope of his employment. Winkler is sued in his official and individual capacities.

8. Upon information and belief, at all times relevant to this Complaint, Defendants Sid Fitch, Roy Washington, Kayla Frye, and Tom Jones were employees of the Madison County Detention Center and/or Southern Health Partners, Inc., working at the Madison County Detention Center and acting under color of law and within the scope of their employment. Each is sued in their official and individual capacities.

9. Defendant Kentucky State Reformatory is a state prison located in LaGrange, Kentucky.

10. At all times relevant to this Complaint, Defendant Aaron Smith was the Warden of Kentucky State Reformatory, acting under color of law and within the scope of his employment. He was responsible for the safety and health of all inmates incarcerated in Kentucky State Reformatory. He was further responsible for staffing that institution and overseeing its operation. Upon information and belief, Smith is a resident of Oldham County, Kentucky. Smith is sued in his official and individual capacities.

11. Correct Care Solutions, LLC is a for-profit Kansas limited liability company in good standing and registered to do business in Kentucky. Upon information and belief, it is a contracted healthcare provider for inmates at Kentucky State Reformatory and it or its employees, agents, contractors, members, managers, associates, or assigns provided healthcare services for Marc Crawford during his incarceration at Kentucky State

Reformatory. Correct Care Solutions, LLC's principal place of business is 1283 Murfreesboro Road, Suite 500, Nashville, Tennessee 37217.

12. Upon information and belief, at all times relevant to this Complaint, Defendants Dr. Elton Amos, M.D., Kirstie Proctor, Jahrell Johnson, Janice Garth, and Sheridan Thomas were employees of Kentucky State Reformatory and/or the Kentucky Department of Corrections and/or Correct Care Solutions, LLC, working at Kentucky State Reformatory and acting under color of law and within the scope of their employment. Each is sued in their official and individual capacities.

## JURISDICTION AND VENUE

13. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

14. This Court has original jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343(a) as federal claims are brought under 42 U.S.C. § 1983.

15. Venue is appropriate in this Court under 28 U.S.C. 1391 as the parties reside in this district and a substantial part of events giving rise to this Complaint occurred in this district.

16. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 USC 1367(a).

## FACTS

17. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

18. Marc Crawford was arrested in September 2016 at his home and held at the Madison County Detention Center.

19. After his arrival at the Madison County Detention Center Marc was placed in a restraint chair for hours without reason, provocation, or justification, twice urinating on himself during that period.

20. Marc was later released.

21. Following this abusive incident, Marc attempted in person to obtain video footage and other records from the Madison County Detention Center related to that incident. Marc was told he should leave the Madison County Detention Center at once or be arrested for making the inquiry.

22. Marc thereafter filed open records requests with the Madison County Detention Center seeking video footage and other records related to his September 2016 confinement. Madison County Detention Center failed to respond to the open records requests.

23. By letter dated October 13, 2016, the Kentucky Attorney General found that the Madison County Detention Center committed substantive and procedural violations of Kentucky's Open Records Act. This evidences a concerted course of conduct by the Madison County Detention Center and related Defendants to wrongfully injure Marc and to conspire to cover up those wrongful acts.

24. Marc was again arrested on May 25, 2017 when officers arrived with either a criminal summons or a warrant for his arrest related to a traffic incident.

25. Upon Marc's arrest, Dawn informed the arresting officers that Marc was extremely ill and had just been released from the hospital with complications related to cancer. Specifically, Marc had just had a stint placed in his kidney. Dawn informed the arresting officers that Marc's leg was then swelling and cool to the touch, likely the result of a

blood clot. Dawn informed the arresting officers that Marc needed immediate medical attention and that she had been about to take him back to the hospital.

26. To ensure Marc would receive care, Dawn called 911. The arresting officers assured Dawn they would transport Marc immediately to the hospital prior to going to the jail. On the basis of those assurances, Dawn cancelled her 911 request for an ambulance.

27. Despite these assurances, Marc was never taken to the hospital but instead was taken directly to the Madison County Detention Center.

28. Marc did not receive medical care for his developing blood clot or his existing medical conditions for the next several days, causing him extreme pain and suffering and physical deterioration.

29. Marc was kept in an isolation cell at the Madison County Detention Center without justification.

30. Booking officers at the Madison County Detention Center, in coordination with Defendant Thomas, removed Marc's pain-medication patch. Upon information and belief, medical providers at the Madison County Detention Center associated with Defendant Southern Health Partners, Inc. placed Marc on inappropriate psychoactive medications.

31. Medical staff at the Madison County Detention Center, including Defendant Frye, informed Dawn that they would not honor previously scheduled chemotherapy appointments prescribed by Marc's treating oncologist.

32. The Madison County Detention Center and Defendants Southern Health Partners, Inc., Thomas, Fitch, Washington, and Frye never provided chemotherapy to Marc or transported him to receive chemotherapy from another provider, despite his preexisting

chemotherapy appointments and ongoing chemotherapy protocol. Their failure to do so caused Marc extreme pain and suffering and shortened his life.

33. Madison County Detention Center correctional officer Deputy Greg Evans assaulted and tased Marc without cause or justification on at least there occasions.

34. One such incident occurred May 26, 2017, after Marc had lodged persistent requests with correctional officers to be provided his prescribed medication. Instead of providing him his medication, Deputy Evans tased Marc as he lay prone in his isolation cell, nominally due to his presenting a danger to staff and inmates.

35. Upon information and belief, staff at the Madison County Detention Center including Deputy Evans attempted to cover this incident up, and an incident report was only created five days later after repeated demands. This further evidences a concerted course of conduct by the Madison County Detention Center and related Defendants to wrongfully injure Marc and to conspire to cover up those wrongful acts.

36. Crawford later remarked to internal investigators that Deputy Evans had told him to "die quietly" after assaulting him.

37. Video footage obtained from the Madison County Detention Center captures at least one of these tasing incidents.

38. Upon information and belief, the Madison County Detention Center and correctional officers including Deputy Evans and Deputy Jamie Wynn conspired to destroy evidence relating to tasing incidents. TASER logs obtained from the Madison County Detention Center do not match up to the date of the incident captured on video footage.

39. As a result of tasing incidents Marc began coughing and vomiting blood. Despite requests for medical treatment, he was never treated for these injuries by the Madison County

10

Detention Center or by Defendants Southern Health Partners, Inc., Thomas, Fitch, Washington, or Frye, causing him extreme pain and suffering and shortening his life.

40. Upon information and belief, unknown nursing staff of the Madison County Detention Center and/or employees of Defendant Southern Health Partners, Inc. falsified medication records to hide missing medication and failures to give Marc his prescribed medications. These failures shortened Marc's life, and the falsifications evidence a concerted course of conduct by the Madison County Detention Center and related Defendants to wrongfully injure Marc and to conspire to cover up those wrongful acts.

41. Unknown nursing staff of the Madison County Detention Center and/or employees of Defendant Southern Health Partners, Inc., including Defendants Fitch, Washington, and Frye, refused to provide Marc during his incarceration his narcotic medication prescribed by his treating oncologist, causing him extreme pain and suffering and shortening his life.

42. Madison County Detention Center did not feed Marc properly during his incarceration, causing him extreme pain and suffering and shortening his life.

43. On May 31, 2017, Marc was transported to Kentucky State Reformatory in LaGrange, Kentucky.

44. Medical staff at Kentucky State Reformatory, including Defendants Correct Care Solutions, LLC, Amos, Proctor, Johnson, Garth, and Thomas, continued to refuse Marc any chemotherapy as prescribed by his oncologist prior to his incarceration. This caused Marc extreme pain and suffering and shortened his life.

45. Medical staff at Kentucky State Reformatory, including Defendants Correct Care Solutions, LLC, Amos, Proctor, Johnson, Garth, and Thomas, continued to refuse Marc

his prescribed narcotic medication and provided inadequate dosages of pain medication. This caused Marc extreme pain and suffering and shortened his life.

46. Kentucky State Reformatory medical staff never referred Marc to be treated by an oncologist until June 20, 2017 — four days before Marc's death, when Marc was already severely weakened and emaciated from Defendants' maltreatment of him. That oncology appointment was only scheduled for July 5, 2017 by Defendant Garth. During nearly a month incarcerated at Kentucky State Reformatory, Marc was never treated by an oncologist. This shortened his life.

47. On May 30, 2017, Defendant Jones requested twice for the Madison County Detention Center's medical staff to attend to Marc. Defendant Frye indicated to Defendant Jones that an unknown facility doctor and supervisory staff at Kentucky State Reformatory would not allow Crawford to be transported to the hospital despite persistent requests.

48. Marc Crawford died in Kentucky State Reformatory on June 24, 2017.

## COUNT 1 – WRONGFUL DEATH (ALL DEFENDANTS)

49. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

50. Marc Crawford's untimely death resulted from the negligence or wrongful acts of the Defendants.

51. The Defendants' wrongful acts in this case were willful and grossly negligent, justifying an award of punitive damages.

52. Defendants Tilley, Erwin, Madison County Detention Center, Southern Health Partners, Inc., Fitch, Kentucky State Reformatory, Smith, Correct Care Solutions, LLC, and Amos

are liable under the doctrine of *respondeat superior* for the wrongful actions of their employees and agents.

**COUNT 2 – EIGHTH AMENDMENT – 42 U.S.C. § 1983 (ALL DEFENDANTS)**

53. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

54. At all times relevant to this Complaint, the conduct of all Defendants was subject to 42 U.S.C. § 1983.

55. At all times relevant to this Complaint, Defendants Winkler, Washington, Frye, Jones, and Southern Health Partners, Inc. as duly appointed officers of the Madison County Detention Center or under contract with the Madison County Detention Center were acting under color of law and under the direction and control of Defendants Madison County Detention Center, Thomas, Fitch, and/or Southern Health Partners, Inc.

56. At all times relevant to this Complaint, Defendants Amos, Proctor, Johnson, Garth, Thomas, and Correct Care Solutions, LLC as duly appointed officers of Kentucky State Reformatory or under contract with Kentucky State Reformatory were acting under color of law and under the direction and control of Defendants Kentucky State Reformatory, Smith, Amos, and/or Correct Care Solutions, LLC.

57. The injuries inflicted on Marc Crawford during the period described in this Complaint were sufficiently serious to qualify as a violation of the Eighth Amendment to the United States Constitution and other applicable amendments.

58. Defendants possessed a culpable state of mind when denying Marc Crawford chemotherapy and prescribed medication, despite knowing of a substantial risk of harm to Crawford, and when they tased him and kept him in isolation without justification.

59. Defendants' conduct, together or individually, was undertaken with both subjectively and objectively reckless disregard or deliberate indifference for Marc Crawford's Constitutional rights, privileges and immunities, specifically his rights to medical attention and his serious medical needs.

60. Defendants, under color of law and with deliberate indifference and gross negligence, worked a denial of Marc Crawford's rights, privileges, and/or immunities secured by the United States Constitution or other federal law by depriving Marc Crawford of due process of law and of the right to be free from cruel and unusual punishment and the right to reasonable medical care and treatment under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and in violation of the Civil Rights Act of 1871 and 42 U.S.C. §1983.

## COUNT 3 – EIGHTH AMENDMENT – 42 U.S.C. § 1983 (DEFENDANTS TILLEY, ERWIN, THOMAS, FITCH, SMITH, AMOS, AND JOHNSON)

61. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

62. Defendants Tilley, Erwin, Thomas, Fitch, Smith, Amos, and/or Johnson encouraged the deliberate indifference of Defendants Erwin, Thomas, Winkler, Fitch, Washington, Frye, Jones, Smith, Amos, Proctor, Johnson, Garth, and/or Thomas, in that the officially authorized, approved, or knowingly went along with the unconstitutional conduct of Defendants Erwin, Thomas, Winkler, Fitch, Washington, Frye, Jones, Smith, Amos, Proctor, Johnson, Garth, and/or Thomas.

63. Defendants Tilley, Erwin, Thomas, Fitch, Smith, Amos, and/or Johnson knowingly refused to terminate a series of acts or omissions by Defendants Erwin, Thomas, Winkler, Fitch, Washington, Frye, Jones, Smith, Amos, Proctor, Johnson, Garth, and/or Thomas,

14

which they knew or reasonably should have known would cause Defendants Erwin, Thomas, Winkler, Fitch, Washington, Frye, Jones, Smith, Amos, Proctor, Johnson, Garth, and/or Thomas to be deliberately indifferent.

### COUNT 4 – NEGLIGENCE (ALL DEFENDANTS)

64. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

65. Defendants possessed a duty to exercise ordinary care for the safety and health of other persons, including Marc Crawford, to avoid foreseeable injury.

66. Defendants knew or should have known Marc Crawford was at risk of injury due to their failure to provide adequate medical treatment and their conduct in treating Marc Crawford.

67. Defendants breached their duty of care by failing act as reasonable corrections officers or employees in the same or similar circumstances, specifically by failing to provide adequate medical treatment to Marc Crawford and/or in their conduct in treating Marc Crawford.

68. Defendants Tilley, Erwin, Madison County Detention Center, Thomas, Southern Health Partners, Inc., Fitch, Kentucky State Reformatory, Smith, Correct Care Solutions, LLC, Amos, and Johnson owed a duty of care to hire, train, and supervise Defendants Erwin, Winkler, Fitch, Washington, Frye, Jones, Amos, Proctor, Johnson, Garth and Thomas to take steps to prevent inadequate medical treatment and Marc Crawford's untimely death.

69. Defendants Tilley, Erwin, Madison County Detention Center, Thomas, Southern Health Partners, Inc., Fitch, Kentucky State Reformatory, Smith, Correct Care Solutions, LLC, Amos, and Johnson breached this duty of care by:

    a. Failing to use care in hiring Defendants Erwin, Winkler, Fitch, Washington, Frye, Jones, Amos, Proctor, Johnson, Garth and Thomas;

    b. Failing to properly train Defendants Erwin, Winkler, Fitch, Washington, Frye, Jones, Amos, Proctor, Johnson, Garth and Thomas; and

    c. Failing to properly supervise Defendants Erwin, Winkler, Fitch, Washington, Frye, Jones, Amos, Proctor, Johnson, Garth and Thomas to ensure their conduct met the standard of ordinary corrections officers under the circumstances.

70. Marc Crawford suffered injuries and ultimately death due to Defendants' breaches of their respective duties.

71. The breaches of all Defendants of their respective duties were a substantial factor in and the actual and proximate cause of Marc Crawford's injuries and the acceleration of Crawford's death.

72. Defendants Tilley, Erwin, Madison County Detention Center, Southern Health Partners, Inc., Fitch, Kentucky State Reformatory, Smith, Correct Care Solutions, LLC, and Amos are liable under the doctrine of *respondeat superior* for the wrongful actions of their employees and agents.

73. Defendants' wrongful acts in this case were willful and grossly negligent, justifying an award of punitive damages.

### COUNT 5 – NEGLIGENCE *PER SE* (ALL DEFENDANTS)

74. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

75. Defendants owed a statutory duty of care to Marc Crawford under 501 KAR 3:090 to see that Crawford received adequate medical treatment while in the custody of the Madison

16

County Detention Center and Kentucky State Reformatory and to follow informed-consent standards in the community.

76. Defendants breached that statutory duty of care by neglecting to ensure that Crawford received adequate medical treatment while in the custody of the Madison County Detention Center and Kentucky State Reformatory.

77. Marc Crawford suffered injuries and ultimately death due to Defendants' breaches of their statutory duty of care.

78. Defendants' breach of that statutory duty of care was a substantial factor in and the actual and proximate cause of Marc Crawford's injuries and the acceleration of Crawford's death.

79. Defendants Tilley, Erwin, Madison County Detention Center, Southern Health Partners, Inc., Fitch, Kentucky State Reformatory, Smith, Correct Care Solutions, LLC, and Amos are liable under the doctrine of *respondeat superior* for the wrongful actions of their employees and agents.

**WHEREFORE** Plaintiff respectfully demands the following relief:

(a) Judgment in favor of Plaintiff and against all Defendants, in their individual and their official capacities, jointly and severally, in an amount which reasonably compensates Plaintiff's actual compensatory, incidental, and consequential damages;

(b) Judgment in favor of Plaintiff and against all Defendants, in their individual and their official capacities, jointly and severally, for punitive damages;

(c) An award of attorney's fees, costs, and expenses incurred in prosecuting this action, in accordance with 42 U.S.C. § 1988;

(d) Pre-judgment and postjudgment interest;

(e) A trial by jury; and

(f) Any and all other relief to which the Plaintiff may be entitled under the law.

    Respectfully submitted,

/s/ Michael Barnett

MICHAEL BARNETT
*Counsel for Dawn Crawford*
Barnett Law PLLC
271 West Short Street
Suite 102
Lexington, Kentucky 40507
(859) 215-3335
michael@michaelbarnettlaw.com