UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAWN CRAWFORD, In her Capacity as Administratrix of the Estate of Marc Crawford, | ) ) ) ) | Civil Action No. 5:18-CV-623-CHB |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **ORDER DENYING MOTION TO WITHDRAW WITHOUT PREJUDICE** |
| JOHN TILLEY, et al. Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Withdraw as counsel filed by Attorney Michael Barnett, counsel for Plaintiff. [R. 6] Counsel filed this Motion as well as a Status Report [R. 5] in response to the Court's Show Cause Order [R. 4] following a period of nearly nine (9) months of inactivity in this case since the Complaint was filed. *See* [R. 1, Compl.] (filed on November 26, 2019); [R. 8, Show Cause Order] (filed August 12, 2019). In both the Status Report and the Motion to Withdraw, counsel states that "Plaintiff engaged [him] with the express understanding that [counsel] lacked the resources to litigate this case himself, but that he (counsel) would makes best efforts to help Plaintiff secure substitute counsel who could fully pursue this action." [R. 5, at p. 1] Further, counsel advises that both counsel and Plaintiff have come up short in locating a counsel that would continue to litigate this action on Plaintiff's behalf. *Id.* at pp. 1-2. Now, counsel wants the Court to release him from further representation, even though neither he nor the Plaintiff have complied with the Court's Show Cause Order. *See* [R. 4]

Pursuant to LR 83.6, an attorney may withdraw from representing a client during the pendency of an action if one of the following have occurred:

- 1 -

> (a) The attorney files a motion, his or her client consents in writing, and another attorney enters his or her appearance; or
>
> (b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.
>
> (c) In cases where an attorney seeks to be substituted for another as attorney of record, and both attorneys are within the same partnership or other legal professional association, a notice of substitution must be filed by the withdrawing attorney and the substitute attorney with an affirmative representation stating that the substitution is made with the client's consent; the notice may, but need not be, signed by the client.

LR 83.6. Here, The Court construes counsel's Motion under LR 83.6(b). It appears that Plaintiff does not consent to this Motion, but he does certify that it was served on Plaintiff. [R. 6]

The Court is not satisfied that good cause exists in this case, however, and therefore does not consent to the withdrawal at this time. LR 83.6(b). Here, counsel filed an action on Plaintiff's behalf that counsel states he was not qualified to litigate. *See* [R. 5] Now he seeks to withdraw as attorney of record, without finding a suitable replacement counsel or complying with this Court's Show Cause Order. The Court notes that counsel's admissions raise professional and ethical concerns, and also admonishes an officer of the Court for filing an action that he had no intention of advocating. The Court's concerns are not assuaged here by counsel's representations that this action was only filed to preserve the action for the statute of limitations. The Court denies his Motion at this time.

Accordingly, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Motion to Withdraw [**R. 6** ] is **DENIED WITHOUT PREJUDICE**.

- 3 -

      2.      Counsel for Plaintiff **SHALL** cause the Complaint and Summonses to be served on the named Defendants in this action **within forty-five (45) days of entry of this Order**, or the Court will dismiss this action in its entirety without prejudice.

      3.      The Court's **Show Cause Order [R. 4]** will not be discharged until counsel has filed notice that he has complied with this Order.

      4.      Counsel is **WARNED** that failure to comply with this Order may result in further action, including possible contempt proceedings pursuant to LR 83.3(c)-(d).

      5.      During the pendency of service over the named Defendants, the Court will entertain a Motion to Substitute counsel in this matter.

This the 29th day of August, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY