UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAWN CRAWFORD, in her capacity as Administratrix of the Estate of MARC CRAWFORD,<br><br>       Plaintiff,<br><br>v.<br><br>JOHN TILLEY, *et al.*,<br><br>       Defendants. | Case No. 5:18-cv-00623<br><br>***Electronically filed*** |

**MOTION TO DISMISS ON BEHALF OF**
**<u>DEFENDANT CCS</u>**

Pursuant to Fed. R. Civ. P. 12(b)(5)-(6) and LR 7.1, Defendant Correct Care Solutions, LLC[1], by counsel, moves to dismiss the claims asserted against it in the above-styled action for failing to state a claim upon which relief can be granted. In support of this motion, Defendant states as follows:

**I. PROCEDURAL HISTORY**

On November 26, 2018, Plaintiff Dawn Crawford, in her capacity as Administratrix of the Estate of Marc Crawford, filed this action, by counsel, alleging, *inter alia*, that Marc Crawford died on June 24, 2017 due to cancer. [RE #1, ¶ 1.] Plaintiff alleged that Mr. Crawford was arrested in September, 2016 and detained in the Madison County Detention Center (MCDC) but later released. [*Id.* at ¶¶ 18, 20.] Plaintiff further alleged that Mr. Crawford was again arrested the following year on May 25, 2017, at which time he was "extremely ill" after having

---

[1] Correct Care Solutions, LLC is now Wellpath, LLC. For purposes of this motion, however, undersigned will refer to the party-defendant as Correct Care Solutions or CCS.

1

been discharged from the hospital due to cancer-related complications. [*Id*. at ¶¶ 24-25.] Following this arrest, Mr. Crawford was again detained in the MCDC until his transfer to the Kentucky State Reformatory (KSR)—the facility at which the Defendants provided medical care—on May 31, 2017. [*Id*. at ¶¶ 27, 43-44.]

Plaintiff alleges that after being transferred to KSR, the Defendants "refuse[d] Marc Crawford any chemotherapy as prescribed by his oncologist" and "refuse[d] [him] his prescribed narcotic pain medication *and provided inadequate dosages of pain medication*." [*Id*. at ¶¶ 44, 45 (emphasis added).] Plaintiff concedes, however, that KSR medical staff arranged for Mr. Crawford to be seen by an oncologist on July 5, 2017—thirty-five days after his transfer to KSR. [*Id*. at ¶ 46.] Notably, Plaintiff does not allege the existence of any policy or procedure of CCS that delayed or denied Mr. Crawford inadequate medical treatment. Nor does Plaintiff allege what acts/omissions by Defendants Thomas and Proctor purportedly caused harm to Mr. Crawford. And as to Defendant Garth, Plaintiff only identifies the fact that she scheduled an oncology appointment for Mr. Crawford.

Upon the filing of this Complaint, Plaintiff took no actions regarding it (including requesting the issuance of summonses) for approximately nine (9) months. [RE #4: Order to Show Cause.] Only after the Court entered a show cause order and denied a subsequent motion to withdraw by Plaintiff's counsel did Plaintiff tender summonses almost ten (10) months after filing suit. [RE #8.]

**II.     ARGUMENT**

In order to defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a "plaintiff must allege[ ] facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d

2

473, 479 (6th Cir. 2017) (internal quotation marks and citations omitted). And "[i]n reviewing a complaint, we construe it 'in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Id.* (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). In this case, even when the allegations in Plaintiff's Complaint are accepted as true and all reasonable inferences drawn in her favor, the Defendants are nonetheless entitled to dismissal of Plaintiff's claims.

      **A.    Plaintiff's Allegations Against Defendants CCS Fails To State A Claim Upon Which Relief Can Be Granted.**

The gravamen of Plaintiff's claims against Defendants CCS is that Mr. Crawford was transferred to KSP on May 31, 2017, and that despite CCS's staff obtaining an oncology appointment for him on July 5, 2017 and administering pain medication to him in the interim, the treatment provided to him was constitutionally inadequate and otherwise negligent.

To assert such an Eighth Amendment claim, a prisoner must establish that the defendant acted or failed to act with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). However, in order for an entity like CCS to be held liable, there must be some allegation of personal fault or personal involvement sufficient to sustain a tort. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009); *Monell v. New York City Dep't of Soc. Servs*. 436 U.S. 658, 691 (1978). The same analysis that applies to a §1983 claim against a municipality applies to a §1983 claim against a private corporation like Correct Care Solutions.[2] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th

---

[2]     "[A] private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under §1983 as one acting under color of state law." *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (overruled in part

3

Cir. 1996) (citing *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978)) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

Additionally, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Id.* Thus, liability of a contracted private entity, such as CCS, must likewise be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F.App'x 459, 465 (6th Cir. 2001). In this case, Plaintiff has failed to allege what policy or custom purportedly caused harm or its causal link to any alleged harm. Thus, any claims against CCS on the basis that it had a policy/custom of failing to ensure its staff refused to provide (or unlawfully delayed) adequate medical treatment for Mr. Crawford's cancer diagnosis is based upon nothing more than conclusory assertions that, without more, fail to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant respectfully requests that this motion be granted, the claims asserted against it in the above-styled action be dismissed, and judgment entered in its favor.

---

on other grounds by *Warren v. Prison Health Services, Inc.*, 576 Fed.Appx. 545, (6th Cir. 2014) (quoting *West v. Atkins*, 478 U.S. 42, 54 (1988)).

        Respectfully submitted,

        s/ William E. Sharp
        William E. Sharp
        Charles M. Rutledge
        Blackburn Domene and Burchett PLLC
        614 W. Main Street, #3000
        Louisville, KY 40202
        (502) 584-1600
        wsharp@bdblawky.com
        *Attorneys for Defendant CCS*

## CERTIFICATE OF SERVICE

I certify that on October 23, 2019, I filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice to the following:

Michael Barnett
Barnett Law PLLC
271 West Short Street
Suite 102
Lexington, KY 40507
michael@michaelbarnettlaw.com
*Counsel for Plaintiff*

        s/ William E. Sharp
        William E. Sharp