UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

DAWN CRAWFORD, in her )
capacity as Administratrix of the )
Estate of Marc Crawford )
)
     PLAINTIFF )    CASE NO. 5:18-CV-623-CHB
)
V. )
)
JOHN TILLEY, ET AL. )
)
     DEFENDANTS )

## ANSWER

Come Defendants Southern Health Partners, Inc., Roy Washington and Kayla Frye ("the SHP Defendants"), by counsel, and, for their Answer to the Complaint, state as follows:

1. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs 1, 2, 3, 4, and 5 of the Complaint and, therefore, deny same.

2. The SHP Defendants admit the allegations contained in paragraph 6 of the Complaint.

3. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and, therefore, deny same.

4. The SHP Defendants admit so much of paragraph 8 as alleges that Kayla Frye was an employee of Southern Health Partners and that she and Roy Washington worked at the Madison County Detention Center but deny the remainder of the allegations contained in that paragraph.

5. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs 9, 10, 11, and 12 of the Complaint and, therefore, deny same.

6. In response to paragraph 13 of the Complaint, the SHP Defendants incorporate by reference their responses to paragraphs 1-12 as set forth above.

7. Paragraphs 14, 15, and 16 are statement of jurisdiction and venue, which require neither admission nor denial. To the extent that admission or denial is required, the SHP Defendants deny same.

8. In response to paragraph 17 of the Complaint, the SHP Defendants incorporate by reference their responses to paragraphs 1-16 as set forth above.

9. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of the Complaint and, therefore, deny same.

10. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation contained in paragraph 30 of the Complaint that booking officers at the Madison County Detention Center, in coordination with Defendant Thomas, removed Marc's pain-medication patch and, therefore, deny same. The SHP Defendants deny the remainder of the allegations contained in that paragraph.

11. The SHP Defendants deny the allegations contained in paragraph 31.

12. To the extent that the allegations contained in paragraph 32 relates to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

13. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs 33 and 34 of the Complaint and, therefore, deny same.

14. To the extent that the allegations contained in paragraph 35 relates to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

15. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs 36, 37, 38, and 39 of the Complaint and, therefore, deny same.

16. The SHP Defendants deny the allegations contained in paragraphs 40 and 41.

17. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs 42, 43, 44, 45,46, 47, and 48 of the Complaint and, therefore, deny same.

18. In response to paragraph 49 of the Complaint, the SHP Defendants incorporate by reference their responses to paragraphs 1-48 as set forth above.

19. To the extent that the allegations contained in paragraphs 50, 51, 52, and 53 relate to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

20. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint and, therefore, deny same.

21. To the extent that the allegations contained in paragraph 55 relate to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

22. The SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs 56 and 57 of the Complaint and, therefore, deny same.

23. To the extent that the allegations contained in paragraphs 58, 59 and 60 relate to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

24. In response to paragraph 61 of the Complaint, the SHP Defendants incorporate by reference their responses to paragraphs 1-60 as set forth above.

25. To the extent that the allegations contained in paragraphs 62 and 63 relate to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

26. In response to paragraph 64 of the Complaint, the SHP Defendants incorporate by reference their responses to paragraphs 1-63 as if set forth above.

27. Paragraph 65 is a statement of law that requires neither admission nor denial. To the extent that admission or denial is required, the SHP Defendants deny same.

28. To the extent that the allegations contained in paragraphs 66 and 67 relate to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

29. Paragraph 68 is a statement of law that requires neither admission nor denial. To the extent that admission or denial is required, the SHP Defendants deny same.

30. To the extent that the allegations contained in paragraphs 69, 70, 71, 72, and 73 relate to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

31. In response to paragraph 74 of the Complaint, the SHP Defendants incorporate by reference their responses to paragraphs 1-73 as set forth above.

32. Paragraph 75 is a statement of law that requires neither admission nor denial. To the extent that admission or denial is required, the SHP Defendants deny.

33. To the extent that the allegations contained in paragraphs 76, 77, 78, and 79 relate to the SHP Defendants, the SHP Defendants deny same. To the extent that the allegations relate to other defendants, the SHP Defendants are without sufficient knowledge or information

to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny same.

34. The SHP Defendants further deny any and all allegations contained in the Complaint not hereinabove specifically admitted.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted against SHP Defendants.

2. The Complaint may have failed to join a party or parties whose joinder is required under Rule 19.

3. The Complaint may be barred by the doctrine of estoppel.

4. The Complaint may be barred by the applicable statute of limitations.

5. The Complaint may be barred by the doctrine of waiver.

6. The Plaintiff may have failed to exhaust administrative remedies as required by law.

7. At all times complained of, SHP Defendants acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to its conduct and with an objectively reasonable belief that its actions were lawful.

8. If the Plaintiff has been damaged as alleged, which is specifically denied, such damage is the result of the actions or omissions of Plaintiff.

9. If the Plaintiff has been damaged as alleged, which is specifically denied, such damage is the result of the negligence of a third party or parties over whom SHP Defendants had no authority or control.

10. The Complaint may be barred by the provisions of the Prison Litigation Reform Act, 42 U.S.C.A. § 1997(e), et seq.

11. The Complaint may be barred by the doctrines of intervening and/or superseding cause.

12. The Complaint may be barred by the doctrines of comparative and/or contributory negligence.

13. The Complaint may be barred by the doctrines of qualified immunity, governmental immunity, qualified official immunity, and the immunity set forth in Chapter 65 of the Kentucky Revised Statutes, the Claims against Local Governments Act.

14. To the extent that the Plaintiff asserts a claim for punitive damages, such claim should be dismissed because a jury, under Kentucky law: (1) is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of the SHP Defendants; (4) is permitted to award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard. For the foregoing reasons, a punitive damage award would violate Kentucky law and SHP Defendant's due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution, and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment, and the Constitution of the Commonwealth of Kentucky, including, but not limited to, Sections 2, 3, 7, 10, 11, 12, 14, 17 and 26.

15. To the extent that the Plaintiff asserts a claim for punitive damages, such claim should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

16. SHP Defendants plead and incorporate by reference each and every affirmative defense provided in the Federal Rules of Civil Procedure, including but not limited to those set forth in Rule 8, or in common law which may be appropriate or applicable upon the facts as they are discovered in this action.

17. SHP Defendants reserve the right to plead further herein and specifically reserves the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

Respectfully submitted,

*s/Margaret Jane Brannon*
Margaret Jane Brannon
Robert Duncan
Jackson Kelly PLLC
175 East Main Street, Suite 500
Lexington, Kentucky 40507
(859) 255-9500
mjbrannon@jacksonkelly.com
*Counsel for SHP Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, a true copy of the foregoing was filed electronically and served on all counsel of record through the CM/ECF system, and sent by the U.S. Postal Service to the following:

| | |
|---|---|
| Michael Barnett<br>Barnett Law PLLC<br>271 West Short Street, Suite 102<br>Lexington, KY 40507<br>*Counsel for Plaintiff*<br><br>John Tilley<br>125 Holmes Street<br>Frankfort, KY 40601<br><br>James Erwin<br>Department of Corrections<br>Health Services Building<br>275 East Main Street<br>Frankfort, KY 40602<br><br>Madison County Detention Center<br>Doug Thomas, Madison County Jailer<br>107 West Irvine Street<br>Richmond, KY 40475<br><br>Kirstie Proctor<br>3001 West Highway 146<br>LaGrange, KY 40032<br><br>Janice Garth<br>3001 West Highway 146<br>LaGrange, KY 40032<br><br>Sheridan Thomas<br>3001 West Highway 146<br>LaGrange, KY 40032 | Nolan Winkler<br>107 West Irvine Street<br>Richmond, KY 40475<br><br>Sid Fitch<br>107 West Irvine Street<br>Richmond, KY 40475<br><br>Tom Jones<br>107 West Irvine Street<br>Richmond, KY 40475<br><br>Kentucky State Reformatory<br>Anna Valentine, Warden<br>3001 West Highway 146<br>LaGrange, KY 40032<br><br>Aaron Smith<br>3001 West Highway 146<br>LaGrange, KY 40032<br><br>Dr. Elton Amos, M.D.<br>Women's Prisons of North Carolina<br>North Carolina Department of Public Safety<br>1034 Bragg Street<br>Raleigh, NC 27610<br><br>Jahrell Johnson<br>3001 West Highway 146<br>LaGrange, KY 40032 |

*s/Margaret Jane Brannon*
*Counsel for SHP Defendants*