UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CIVIL ACTION NO. 5:18-cv-00623-CHB

DAWN CRAWFORD, Administratrix of the
Estate of Marc Crawford                                                                PLAINTIFF

v.

JOHN TILLEY, individually and in his official capacity,
JAMES IRWIN, individually and in his official capacity,
MADISON COUNTY DETENTION CENTER,
DOUG THOMAS, individually and in his official capacity,
SOUTHERN HEALTH PARTNERS, INC.,
NOLAN WINKLER, individually and in his official capacity,
SID FITCH, individually and in his official capacity,
ROY WASHINGTON, individually and in his official capacity,
KAYLA FRYE, individually and in her official capacity,
TOM JONES, individually and in his official capacity,
KENTUCKY STATE REFORMATORY,
AARON SMITH, individually and in his official capacity,
CORRECT CARE SOLUTIONS, LLC.,
DR. ELTON AMOS, M.D., individually and in his official capacity,
KRISTIE PROCTOR, individually and in her official capacity,
JAHRELL JOHNSON, individually and in his official capacity,
JANICE GARTH, individually and in her official capacity, and
SHERIDAN THOMAS, individually and in his official capacity        DEFENDANTS

## ANSWER

Defendants Madison County Detention Center; Doug Thomas, individually and in his official capacity; Nolan Winkler, individually and in his official capacity; and Tom Jones, individually and in his official capacity, by counsel and for their Answer to the Plaintiff's Complaint, state as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief may be granted and should therefore be dismissed, with prejudice.

## SECOND DEFENSE

1. These Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs 1, 3, 10, 11, 12, 26, 31, 32, 44, 45, 46, and 48 of the Complaint and therefore deny same.

2. These Defendants deny the allegations contained in paragraphs 8, 19, 21, 25, 27, 28, 29, 30, 33, 34, 35, 36, 38, 39, 40, 41, 42, 50, 51, 52, 55, 57, 58, 59, 60, 62, 63, 66, 67, 69, 70, 71, 72, 73, 76, 77, 78, and 79 of the Complaint and in the Prayer for Relief.

3. These Defendants state that the statements contained in paragraphs 14, 15, 16, 54, 56, 65, 68, and 75 of the Complaint are statements of law that do not contain any statements of fact that require a specific response thereto. To the extent that such are deemed to be statements of fact, these Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of such statements and therefore deny same.

4. The allegations contained in paragraph 37 of the Complaint refer to video footage. These Defendants state that the video footage referred to therein speaks for itself, and to the extent the statements set forth in the aforesaid paragraph differ in any way from the actual recorded events, these Defendants deny them.

5. These Defendants admit the allegations contained in paragraphs 4, 6, 9, 18, and 20 of the Complaint.

6. In response to the allegations contained in paragraphs 2, 5, and 7 of the Complaint, these Defendants admit the allegations as to the Defendants' titles but deny the remainder of the allegations contained therein.

7. These Defendants admit the allegations contained in the first sentence of paragraph 22 of the Complaint but deny the allegations contained in the second sentence of paragraph 22 of the Complaint.

8. The allegations contained in the first sentence of paragraph 23 of the Complaint refer to a written document. These Defendants state that the document referred to therein speaks for itself, and to the extent the statements contained in the first sentence of paragraph 23 are inconsistent therewith, these Defendants deny them. These Defendants deny the allegations contained in the second sentence of paragraph 23 of the Complaint.

9. These Defendants admit only so much of the allegations contained in paragraph 24 of the Complaint as allege that Crawford was arrested on May 25, 2017, on a criminal warrant but deny the remaining allegations in this paragraph.

10. These Defendants admit only so much of the allegations contained in paragraph 43 as allege that Crawford was transferred to the Kentucky State Reformatory but lack sufficient knowledge or information to form a belief as to the truth or falsity of the date of transfer and therefore deny same.

11. These Defendants admit the allegations contained in the first sentence of paragraph 47 of the Complaint. With respect to the allegations contained in the second sentence of paragraph 47 of the Complaint, these Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity and therefore deny same.

12. With respect to the allegations contained in paragraphs 13, 17, 49, 53, 61, and 74 of the Complaint, these Defendants incorporate their specific answers to the allegations and paragraphs incorporated therein.

13. These Defendants deny each and every other allegation contained in the Complaint that is not specifically admitted herein.

### THIRD DEFENSE

The Complaint is barred by the doctrines of absolute immunity, sovereign immunity, qualified immunity, governmental immunity, official immunity and, where applicable, immunity provided by the 11th Amendment to the United States Constitution.

### FOURTH DEFENSE

At all times relevant herein, these Defendants acted in accordance with the letter and the spirit of all applicable common law, statutes and Constitutions of the Commonwealth of Kentucky and the United States of America, and these Defendants rely upon same as a complete bar to all claims of the Plaintiff herein.

### FIFTH DEFENSE

At all times relevant herein, these Defendants' actions were in furtherance of a governmental function in which discretionary acts were performed in good faith with an objectively reasonable belief that their actions were lawful, and these Defendants plead and rely upon such defense as a complete bar to the claims of the Plaintiff herein.

### SIXTH DEFENSE

At all times relevant herein, these Defendants' actions were taken within the scope of their official duties as an official and/or employee of Madison County, Kentucky, in good faith, without malice, and as a result thereof, these Defendants demand that all claims against them be dismissed, with prejudice.

## SEVENTH DEFENSE

At all times relevant herein, these Defendants followed all applicable policies and procedures, and they rely upon the same as a complete bar to the causes of action asserted against them.

## EIGHTH DEFENSE

These Defendants plead pre-existing injuries, failure to name indispensable parties, and failure to exhaust administrative remedies as bars to the claims asserted against them herein.

## NINTH DEFENSE

Plaintiff's claims for punitive damages are barred in whole and in part by KRS 411.186 and violate these Defendants' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and analogous provisions of the Kentucky Constitution.

## TENTH DEFENSE

Plaintiff's damages, if any, were directly and proximately caused by the Decedent's negligent and/or intentional actions, or inaction of third parties not under the control of these Defendants.

## ELEVENTH DEFENSE

Plaintiff's Complaint and the claims alleged therein are barred by the appropriate statutes of limitations and the doctrine of laches.

## TWELFTH DEFENSE

Plaintiff's Complaint is barred due to insufficient service of process.

## THIRTEENTH DEFENSE

Plaintiff's Complaint is barred by the Prison Litigation Reform Act.

## FOURTEENTH DEFENSE

Plaintiff's Complaint is barred by KRS 65.200, et seq.

## FIFTEENTH DEFENSE

Plaintiff's Complaint is barred pursuant to applicable abstention principles.

## SIXTEENTH DEFENSE

The Madison County Detention Center is not an entity that is subject to suit.

WHEREFORE, these Defendants, the Madison County Detention Center, Doug Thomas, Nolan Winkler, and Tom Jones, individually and in their official capacities, respectfully request as follows:

1. That the Complaint against them be dismissed, with prejudice, and held for naught;

2. That they be awarded their reasonable attorneys' fees and costs herein expended; and

3. That they be granted any and all other relief, whether in law or in equity, to which they may reasonably appear entitled.

Respectfully submitted,

/s/ D. Barry Stilz
D. Barry Stilz
Lynn Sowards Zellen
Kinkead & Stilz, PLLC
301 East Main Street, Suite 800
Lexington, KY  40507
Telephone: (859) 296-2300
Facsimile: (859) 296-2566
Email: bstilz@ksattorneys.com
Email: lzellen@ksattorneys.com
*Counsel for Madison County Defendants*

# **CERTIFICATE OF SERVICE**

  I certify that true and correct copies of the foregoing have been served by CM/ECF on this 1st day of November, 2019:

Michael Barnett
Barnett Law PLLC
271 West Short Street
Suite 102
Lexington, Kentucky 40507
*Counsel for Plaintiff*

            /s/ D. Barry Stilz
            *Counsel for Madison County Defendants*