UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAWN CRAWFORD, in her capacity as Administratrix of the Estate of MARC CRAWFORD,<br><br>     Plaintiff,<br><br>v.<br><br>JOHN TILLEY, *et al.*,<br><br>     Defendants. | Case No. 5:18-cv-00623<br><br>***Electronically filed*** |

**RESPONSE ON BEHALF OF CORRECT CARE SOLUTIONS, LLC, KRISTIE PROCTOR, JANICE GARTH, AND SHERIDAN THOMAS OPPOSING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME [RE #24]**

  Pursuant to LR 7.1, Defendants Correct Care Solutions, LLC[1], Kirstie Proctor, Janice Garth, and Sheridan Thomas, by counsel, submit this response brief opposing Plaintiff's motion seeking an extension of time in which to respond to their respective motions to dismiss. [RE #24.] For the following reasons, Plaintiff's motion should be denied.

**I.  INTRODUCTION**

  On November 26, 2018, Plaintiff Dawn Crawford, in her capacity as Administratrix of the Estate of Marc Crawford, filed this action, *by counsel*, alleging, *inter alia*, that Marc Crawford died on June 24, 2017 due to cancer. [RE #1, ¶ 1.] Upon the filing of this Complaint, Plaintiff took no actions regarding it (including requesting the issuance of summonses) for approximately nine (9) months. [RE #4: Order to Show Cause.] Only after the Court entered a

---

[1]  As noted in its Corporate Disclosure [RE #13], Defendant Correct Care Solutions, LLC has changed its name to Wellpath, LLC. This brief will refer to the corporate entity under its previous name, consistent with the case caption.

1

show cause order and denied a subsequent motion to withdraw by Plaintiff's then-sole counsel of record, Michael Barnett, did Plaintiff tender summonses almost ten (10) months after filing suit. [RE #8.]

Defendants filed their motions to dismiss on October 23, 2019 and November 25, 2019, respectively. [RE #11; RE #20.] Plaintiff failed to respond to either motion or timely seek an extension of time in which to do so, and the Court subsequently took both motions under submission after the time for briefing under LR 7.1 had expired. [*See attached* Exhibit 1: Notice of Motion Submitted to Chambers (entered Dec. 26, 2019 submitting motion to dismiss filed by Defendants Garth, Proctor, and Thomas); Exhibit 2: Notice of Motion Submitted to Chambers (entered Nov. 21, 2019 submitting motion to dismiss filed by CCS).]

Plaintiff now seeks an extension of time (and thus leave of Court) to file responses to the already-submitted motions to dismiss. In support of that request, she asserts that Mr. Barnett (who is still Plaintiff's co-counsel of record in this action) "breached many of his professional, legal, and ethical obligations to the Plaintiff" by failing to: (1) effectuate timely service upon the Defendants; and (2) timely respond to the motions to dismiss. But these rationales, taken alone or collectively, are insufficient to constitute the requisite good cause necessary to justify granting the requested extension.

## II.  ARGUMENT

Requests for extension of time are governed by Fed. R. Civ. P. 6(b)(1). That Rule provides that:

> When an act may or must be done within a specified time, the court may, *for good cause*, extend the time:
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> **(B)** *on motion made after the time has expired if the party failed to act because of excusable neglect*.

(Emphasis added).

Thus, in situations such as here, Rule 6(b) requires that a litigant must show both "good cause" for the requested extension as well as "excusable neglect" for her failure to timely seek the extension. *See Boyd v. City of Warren*, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) ("Under Fed.R.Civ.P. 6(b)(1), where a party requests an extension of a deadline after that deadline has passed, the Court can grant an extension only on a motion and upon a finding of good cause and excusable neglect."), *objections overruled sub nom. Boyd v. McCabe*, 2019 WL 3852582 (E.D. Mich. Aug. 16, 2019).

"To establish good cause, a plaintiff must offer an explanation equivalent to 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Anderson v. Oak Ridge Sch. Bd. of Educ.*, 2017 WL 10431620, at *4 (E.D. Tenn. Mar. 21, 2017) (quoting *Mnzava v. Diverse Concepts*, 2015 WL 6449656, *2 (E.D. Tenn. Oct. 26, 2015)). And "[e]xcusable neglect is a 'somewhat elastic concept' that is 'at bottom an equitable one, taking account of all relevant circumstances.'" *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241–42 (E.D. Ky. 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). However, "[t]he excusable neglect standard is 'strict, and can be met only in extraordinary cases.'" *Boyd*, 2019 WL 1423244, at *2 (quoting *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005)). Relevant factors courts consider in finding whether excusable neglect is present include: "'(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.'" *Century Indem. Co.*, 323 F.R.D. at 241–42 (quoting *Nafziger v. McDermott Int'l,*

*Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). Notably, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect. . ." *Matter of Smithland Towing & Constr., LLC*, 2019 WL 2517583, at *1 (W.D. Ky. June 17, 2019) (quoting *Pioneer Inv. Serv. Co.*, 507 U.S. at 392)). And although "Courts have recognized that the 'rule is at times harsh,' . . . '[c]lients are held accountable for the acts and omissions of their attorneys.'" *Anderson*, 2017 WL 10431620, at *4 (quoting *Mnzava*, 2015 WL6449656 at *2).

Here, it is undisputed that Plaintiff's motion for an extension is made beyond the time permitted her to file a response to the pending motions to dismiss. LR 7.1(c) (response opposing a motion due within 21 days). Thus, Rule 6(b)(1)(B) requires that Plaintiff establish good cause for the requested extension, and "excusable neglect" for having failed to timely seek an extension. But the fact that her counsel of record (who is the attorney who filed this federal §1983 lawsuit on Plaintiff's behalf) failed to timely respond to the motions to dismiss (or timely seek an extension of time in which to do so) is not excusable neglect. Rather, it is mere ordinary neglect that is insufficient to justify the requested extension under Rule 6. *See, e.g.*, *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) ("The fact that counsel has a busy practice does not establish "excusable neglect" under Rule 6(b)(2).").

**WHEREFORE**, the Defendants move that the Plaintiff's motion for an extension be denied.

Respectfully submitted,

s/ William E. Sharp
William E. Sharp
Charles M. Rutledge
Blackburn Domene and Burchett PLLC
614 W. Main Street, #3000
Louisville, KY 40202
wsharp@bdblawky.com
*Attorneys for Defendants CCS, Proctor, Garth, and Thomas*

**CERTIFICATE OF SERVICE**

I certify that on February 13, 2020, I filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice to the following:

Michael Barnett
Barnett Law PLLC
271 West Short Street
Suite 102
Lexington, KY 40507
michael@michaelbarnettlaw.com

-and-

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, KY 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiff*

Brett R. Nolan
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
brett.nolan@ky.gov
*Counsel for Defendant Erwin*

Margaret Jane Brannon
Robert Duncan
Jackson Kelly PLLC
175 East Main Street, Suite 500
Lexington, KY 40507
mjbrannon@jacksonkelly.com
*Counsel for SHP Defendants*

s/ William E. Sharp
William E. Sharp